If the justice of the peace before whom the false oath was taken had not jurisdiction of the matter then in controversy, the defendant is not guilty of perjury.
The defendant Willis Alexander was sworn as a witness on behalf of Randolph Alexander, the defendant in a warrant brought against the said Randolph, returnable before a single justice of the peace, out of court, by Jesse Gambill, in a plea of debt of $45 due by open account, and four hundredweight of bar iron; and, among other things, the said Willis Alexander deposed that all the iron which had been brought or *Page 77 
received by the said Randolph Alexander of or on account of the said Gambill had been worked up upon the wagon of the said Gambill. The indictment charges that the oath was material, false, and corrupt; that four hundredweight of iron had been put on the plaintiff's (185) wagon, and that the defendant had converted the balance to hisown use. The act of 180 ___ declares that all debts and demands of £ 30 and under, for a balance due on any specialty, contract, note, or agreement, or for work and labor done, or for specific articles, whetherdue by obligation, note, or assumpsit, shall be cognizable and determinable by any one justice of the peace, out of court.
I will consider this case most favorably for the State, towit, that the defendant in the warrant expressly promised to return what was left of the iron after ironing the plaintiff's wagon; for perhaps such was the fact.
The whole question depends on this, Was that iron due from the defendant Randolph Alexander to the plaintiff in the warrant, within the meaning of that word in the act of 180 ___? Was it a debt, was it an obligation or promise to pay? To pay is to deliver to another that which belonged to the deliverer, and which delivery he was bound to make by some previous obligation; not the restoration to the owner of his own goods, and which had been out of his possession, or withheld from him. Property in the possession of a bailee is not due to the bailor; the bailee is not the debtor, but the trustee of the bailor until the trust is broken; the bailor has not a demand upon or right of action against the bailee; the possession of the bailee is the possession of the bailor. The whole phraseology of the act shows that the jurisdiction extends only to cases where there is an obligation to pay; as in the present case, if the defendant had promised to pay or deliver, that is, deliver as a payment, four hundredweight of iron, there is no doubt but that the justice would have had jurisdiction; it would in such case be a debt. It is asked, Where is the difference, in reason, between the cases? The difference lies in the obligation. If this had been a promise to pay or deliver 400 pounds of iron, the utmost care on the part of the defendant to (186) procure the iron would not have absolved him from his obligation. Were he to show that he had sent to market to get the iron and none was to be had; or that, after getting it, it was lost, together with other iron of his own, in crossing the river; or that he was robbed, or that he was taken by the enemies of the State: this would be no defense. Of course, the justice would not be confided in to try them; he was only to examine into the demand and whether it had been satisfied, or such other defense as the defendant might have; but none involving the exertions of the defendant, whether he had acted with good faith or fraudulently. For, however willing we may be to permit a single individual to pass on the *Page 78 
question, debt or no debt, payment or no payment, discharged or not discharged, we have evinced an unwillingness to submit to such individual the power of deciding on the right of property of meum and tuum to the amount of a single cent, or to say whether we have performed with good faith those personal obligations which we, by our contracts, have assumed. If it be admitted that the justice has jurisdiction over this case, he must of necessity have power of examining every question which would form a defense, and it must be extended to all bailments, for it would be difficult to confine it by the Legislature to such cases where the defense was simple, as probably it was in this case; but the most complicated must also be included; no line can be drawn. A justice of the peace would have to decide upon the quantity of diligence which will protect, or the quantity of negligence which will charge bailees of all descriptions, from the bearer for reward to the carrier who receives no reward. I repeat it, we are and have been unwilling to permit any one man to say to us, You have been negligent; you have been fraudulent; you ought to have resisted the robber; you were more careless of the rights of others than of your own. All these questions might have (187) arisen in this case, for he was not bound to deliver the iron at all hazards, and the justice had not the right of passing on his justification or excuses, whatever they may have been. For these reasons I think that the expression in the act, for specific articles, whether due byobligation, note, or assumpsit, do not embrace this case; and this want of jurisdiction appears upon the indictment; for unless it was a promise to restore to the plaintiff his own iron, the question whether the iron had been worked upon the plaintiff's wagon could not be material, that is, it would have offered no defense. I, therefore, think that the judgment should be arrested.
Judge HALL assenting. Reversed.
Cited: Bell v. Ballance, 12 N.C. 395; Fentress v. Worth, 13 N.C. 232;Clark v. Dupree, ib., 412; S. v. Knight, 84 N.C. 792; S. v. Gates,107 N.C. 833.